NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| NEW JERSEY REGIONAL | : | |
| COUNCIL OF CARPENTERS, | : | |
| | : | |
| Petitioners, | : | Civil Action No. 11-01645 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| K&M GENERAL | : | |
| CONTRACTING, LLC, | : | |
| a/k/a BUCCHINO GENERAL | : | |
| CONTRACTING, LLC, | : | |
| | : | |
| Respondent. | : | |
| | : | |

PISANO, District Judge.

This action is brought by petitioner New Jersey Regional Council of Carpenters (the "Union") against respondent K&M General Contracting, LLC ("K&M") a/k/a Bucchino General Contracting, LLC ("Bucchino General").  Presently before the Court is a motion by Petitioner to confirm an arbitration award entered on January 6, 2011 (the "Arbitration Award"), and a cross-motion by Bucchino General to vacate the Arbitration Award.  The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth herein, the Court grants the Union's motion to confirm, in part, and grants Bucchino General's motion to vacate.

## I.    FACTUAL BACKGROUND

The following facts are undisputed.  This action involves two limited liability companies owned and operated by Mr. Michael Bucchino: (1) Bucchino General, which was formed on

August 13, 2001, and (2) K&M, which was formed on November 27, 2002.  K&M and Bucchino General maintain the same place of business.  Both companies perform carpentry work in the State of New Jersey.

In December of 2002, K&M entered into a collective bargaining agreement with the Union (the "CBA").  Pursuant to the terms of the CBA, K&M was obligated to hire members of the Union to perform covered carpentry work.  Article 19.4 of the CBA prohibited K&M from operating a double-breasted (non-union) company.  Michael Bucchino continued to operate Bucchino General after K&M entered into the CBA.

In or about June of 2009, Dan Christy, a business agent employed by the Union, observed a construction site at 611 Cross Keys Road, Turnersville, New Jersey (the "Project").  Building permits indentified Bucchino General as the contractor performing work on the Project.  Christy later observed non-union carpenters working at the Project.  Christy initiated a grievance process against K&M and Bucchino General.  Michael Bucchino failed to participate in that process.  The Union filed for arbitration against K&M and Bucchino General, arguing that Michael Bucchino was operating Bucchino General as the double-breasted, or non-union, arm of K&M.

Arbitration proceedings were held before arbitrator J.J. Pierson, Esq. (the "Arbitrator") on December 21, 2010.  The Arbitrator found that Michael Bucchino violated his obligations under Article 19.4 of the CBA by establishing Bucchino General and employing non-union carpenters to avoid the obligations of the CBA.  [Arbitration Award, page 9].  In the "Award and Order" Section of the Arbitration Award, the Arbitrator wrote that K&M a/k/a Bucchino General violated the CBA "by evading its contractual obligation to employ member-carpenters and by failing to pay contractual wages and benefits for work performed."  [Arbitration Award, page

10].  The Arbitration Award was entered against K&M a/k/a Bucchino General in the amount of $29,504.00 on January 6, 2011.

The Union filed this action on March 24, 2011, asking the Court to confirm the Arbitration Award.  Bucchino General filed a cross-motion on April 4, 2011, asking the Court to vacate the Arbitration Award.

## II.     LEGAL STANDARD

The Federal Arbitration Act (the "FAA") creates a strong presumption in favor of enforcing arbitration awards.  *New Jersey Carpenters Funds v. Professional Furniture Services*, 2009 WL 483849 at *2 (D.N.J. February 25, 2009) (citing *Brentwood Medical Associates v. United Mine Workers of America*, 396 F.3d 237, 241 (3d Cir. 2005)).  Pursuant to the FAA, a district court may vacate an arbitration award only under a limited set of circumstances including: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(1)-(4).

The general rule is that, "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate."  *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).  Thus, if an " 'arbitrator is even arguably construing or applying the contract and acting

within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.' "  *Eastern Associated Coal Corp. v. United Mine Workers of America, District 17*, 531 U.S. 57, 62 (2000) (citing *Misco*, 484 U.S. at 38).  "Neither a court's disagreement with the arbitrator's construction of a contract nor its belief that its interpretation of a contract is better justifies a court overruling the arbitrator."  *Exxon Corp. v. Local Union 877, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 980 F.Supp. 752, 760 (D.N.J. 1997) (citing *News America Publications, Inc. Daily Racing Form Div. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990)). However, a district court may vacate an arbitration award where the arbitrator's decision was wholly unsupported by the agreement's plain language or where the arbitrator failed to adhere to principles of contract construction.  *News America Publications, Inc., Daily Racing Form Div. v. Newark Typographical Union, Local 103*, 921 F.2d 40, 41 (3d Cir. 1990); *New Jersey Carpenters*, 2009 WL 483849 at *2.

## III.    LEGAL ANALYSIS

As an initial matter, the Court notes that the Arbitrator found that the CBA created a contractual relationship between the Union and K&M and that the evidence demonstrated that Michael Bucchino violated his obligations under Article 19.4 of the CBA by establishing Bucchino General and employing non-union carpenters to avoid the obligations of the CBA. [Arbitration Award, page 9].  Bucchino General does not dispute the validity of the Arbitration Award against K&M.  The Court finds that this aspect of the Arbitration Award draws its essence from Article 19.4 of the CBA and is, therefore, legitimate.  Accordingly, the motion to confirm the Arbitration Award against K&M shall be granted.

Bucchino General argues that the Arbitrator improperly held it, a non-signatory, liable for violating Article 19.4 of the CBA.  It is well-settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).  "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."  *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 649 (1986).  The Court, not the Arbitrator, is to decide whether a non-signatory can be bound to an agreement.  *Laborers' Int'l Union v. Foster Wheeler Corp.*, 868 F.2d 573, 576 (3d Cir. 1989).  It is undisputed that Bucchino General was not a signatory to the CBA; therefore, the Arbitrator had no authority to bind it to the terms thereof.

Based on some of the language found in the Arbitration Award, it appears that the Arbitrator may have found that Bucchino General was an alter ego of K&M.[1]  However, for the reason discussed above, it is the province of the Court – not the arbitrator – to determine whether Bucchino General can be bound to the CBA because it was the alter ego of K&M.  *New Jersey Carpenters Funds v. Engineered Framing Systems, EFS*, 2008 WL 230590 at *3 (D.N.J. January 25, 2008).

The Union argues that an alleged violation of a collective bargaining agreement through the operation of a double-breasted entity is an issue properly submitted to arbitration.  In support, the Union relies on *Marshall Elevator Company, Inc. v. International Union of Elevator Contractors*, 2011 WL 222508 (W.D.Pa. January 21, 2011), which wrote that "[a]n arbitrator may make alter ego determinations in cases where a union alleges that an employer, who is a party to the collective bargaining agreement, funnels work to its subsidiary in an effort to avoid

---

[1]     The Arbitrator noted that "contact information for the two businesses, business addresses and purpose of the business operations of K&M and Bucchino are identical."  [Arbitration Award, page 9].

5

the employer's obligations under the collective bargaining agreement."  2011 WL 22508 at *3 (quotations omitted).  However, in that case, the Court held that it was within the arbitrator's authority to determine whether a signatory employer breached a collective bargaining agreement by establishing a double-breasted entity.  In this case, the arbitrator determined that Bucchino General, a non-signatory to the CBA, breached that agreement by being the double-breasted entity.  The Union also relies on *New Jersey Building Laborers District Councils Local 325 v. Molfetta Industries Co., Inc.*, 365 Fed. Appx. 347 (3d Cir. 2010), which affirmed an arbitration award against two companies, Molfetta Industries and Molfetta Construction, for operating Molfetta Construction as a double-breasted company in violation of a collective bargaining agreement.  However, in that case, Molfetta Industries and Molfetta Construction were both signatories to the collective bargaining agreement.  In this case, the Arbitrator entered the Arbitration Award against Bucchino General, which is not a signatory to the CBA.  As stated above, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Warrior & Gulf Navigation*, 363 U.S. at 582.

The Union also argues that the Arbitration Award was proper because it was within the Arbitrator's authority to fashion a remedy for K&M's breach of the CBA.  It is true that "absent express limitation in an arbitration agreement, arbitrators may fashion a remedy they deem appropriate under the existing circumstances." *Samaritan Medical Center v. Local 1199, SEIU*, 2010 WL 2869762 at *4 (N.D.N.Y.) (citing *Misco*, 484 U.S. at 41).  The Supreme Court has explained that, while "the arbitrator's decision must draw its essence from the agreement, he 'is to bring his informed judgment to bear in order to reach a fair solution of a problem. *This is especially true when it comes to formulating remedies.*'  The parties, of course, may limit the discretion of the arbitrator in this respect." *Misco*, 484 U.S. at 41 (quoting *Enterprise Wheel &*

*Car*, 363 U.S. at 597).   Therefore, it seems clear that, although an arbitrator has considerable flexibility in determining remedies, any party against whom a remedy is imposed must have first agreed to arbitrate the dispute.   Because Bucchino General was not a party to the CBA, the Court finds that it was outside the Arbitrator's authority to fashion a remedy against it. Accordingly, Bucchino General's motion to vacate shall be granted.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants the Union's motion to confirm, in part, and grants Bucchino General's motion to vacate.   An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: August 9, 2011